# UNITED STATES DISTRICT COURT
### for the
Eastern District of Wisconsin

In the Matter of the Use of: )
)
A Cell-Site Simulator to Determine the Location of )
Cellular Device Assigned Call Number 414-395-0497 )     Case No. ___17M113___
)
)
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property:

See Attachment A.

located in the Eastern District of Wisconsin, there is now concealed:

See Attachment B.

The basis for the search under Fed. R. Crim P. 41(c) is:

☐ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☒ a person to be arrested or a person who is unlawfully restrained.

The search is related to violations of: Title 18, United States Code, Section 1591

The application is based on these facts: See Affidavit in Support of an Application for a Search Warrant. To ensure technical compliance with the Pen Register Statute, 18 U.S.C. §§ 3121-3127, this warrant also functions as a pen register order. Consistent with the requirement for an application for a pen register order, I certify that the information likely to be obtained is relevant to an ongoing criminal investigation being conducted by the FBI. See 18 U.S.C. §§ 3122(b), 3123(b)

☒ Delayed notice of _30_ days (give exact ending date if more than 30 days:_____) is requested
under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Rebecca Taibleson, Assistant U.S. Attorney
*Printed Name and Title*

Sworn to before me and signed in my presence:

Date: _Sep. 6, 2017_                                    _____
*Judge's signature*

City and State: Milwaukee, Wisconsin                          Honorable David E. Jones, U.S. Magistrate Judge
*Printed Name and Title*

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, Lynda Stott, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.      I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 to authorize law enforcement to employ an electronic investigative technique, which is described in Attachment B, to determine the location of the cellular device assigned call number 414-395-0497, (the "Target Cellular Device"), which is described in Attachment A.

2.       I am a Detective with the Milwaukee Police Department  and a Task Force Officer with the FBI. I am currently assigned to the Wisconsin Human Trafficking Task Force which investigates the illegal trafficking of persons both domestic and foreign for the purposes of labor and commercial sex acts. I gained experience in the conduct of such investigations through previous case investigations, formal training, and in consultation with law enforcement partners in local, state and federal law enforcement agencies. Prior to my assignment the Wisconsin Human Trafficking Task Force, I was assigned the Homicide Unit of Milwaukee Police and the Milwaukee Hitda (High Intensity Drug Trafficking Area) .

3.      The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. One purpose of applying for this warrant is to determine with precision the Target Cellular Device's location. However, there is reason to believe the Target Cellular Device is currently located somewhere within this district because law enforcement officers have had multiple contacts with Jacquelin Epperson, who agents believe is in possession of the device, over the past few years and know she lives in this district and spends most of her time in this district. Pursuant to Rule 41(b)(2), law enforcement may locate the Target Cellular Device outside the district provided the device is within the district when the warrant is issued.

5. Based on the facts set forth in this affidavit, there is probable cause to believe that Jacquelin Epperson has violated a court order to appear for trial testimony in *United States v. Terrell Shankle*, 16-CR-07 (E.D. Wis.). Trial in that case started September 5, 2017.

6. Epperson was served with a trial subpoena on July 31, 2017. On August 28, 2016, Epperson was brought to the federal courthouse in Milwaukee for a pretrial preparation session with Assistant U.S. Attorney Benjamin Proctor. At that time, Epperson was reminded of the importance of complying with the subpoena and appearing on September 5, 2017 for the trial.

7. Epperson did not appear at the federal courthouse for trial on September 5, 2017, as required by the subpoena. Attempts to contact her have thus far failed.

8. An arrest warrant was issued for Jacquelin Epperson on September 5, 2017 by U.S. Magistrate Judge David E. Jones.

2

9.      Law enforcement officers have been working to determine possible phone numbers for Epperson. Recently, a known contact of Epperson informed law enforcement that last week, Epperson sent a text to the contact from the Target number. The contact is a social services worker and law enforcement knows that contact to be reliable.

10.      Because collecting the information authorized by this warrant may fall within the statutory definitions of a "pen register" or a "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), this warrant is designed to comply with the Pen Register Statute as well as Rule 41.  See 18 U.S.C. §§ 3121-3127.  This warrant therefore includes all the information required to be included in a pen register order.  See 18 U.S.C. § 3123(b)(1).

MANNER OF EXECUTION

11.      In my training and experience, I have learned that cellular phones and other cellular devices communicate wirelessly across a network of cellular infrastructure, including towers that route and connect individual communications. When sending or receiving a communication, a cellular device broadcasts certain signals to the cellular tower that is routing its communication.  These signals include a cellular device's unique identifiers.

12.      To facilitate execution of this warrant, law enforcement may use an investigative device or devices capable of broadcasting signals that will be received by the Target Cellular Device or receiving signals from nearby cellular devices, including the Target Cellular Device.  Such a device may function in some respects like a cellular

3

tower, except that it will not be connected to the cellular network and cannot be used by a cell phone to communicate with others. The device may send a signal to the Target Cellular Device and thereby prompt it to send signals that include the unique identifier of the device. Law enforcement may monitor the signals broadcast by the Target Cellular Device and use that information to determine the Target Cellular Device's location, even if it is located inside a house, apartment, or other building.

13. The investigative device may interrupt cellular service of phones or other cellular devices within its immediate vicinity. Any service disruption to non-target devices will be brief and temporary, and all operations will attempt to limit the interference with such devices. In order to connect with the Target Cellular Device, the device may briefly exchange signals with all phones or other cellular devices in its vicinity. These signals may include cell phone identifiers. The device will not complete a connection with cellular devices determined not to be the Target Cellular Device, and law enforcement will limit collection of information from devices other than the Target Cellular Device. To the extent that any information from a cellular device other than the Target Cellular Device is collected by the law enforcement device, law enforcement will delete that information, and law enforcement will make no investigative use of it absent further order of the court, other than distinguishing the Target Cellular Device from all other cellular devices.

4

## AUTHORIZATION REQUEST

14.     Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41. The proposed warrant also will function as a pen register order under 18 U.S.C. § 3123.

15.     I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days from the end of the period of authorized surveillance. This delay is justified because there is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Cellular Device would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and [continue to] flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). There is reasonable necessity for the use of the technique described above, for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

16.     I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cellular Device outside of daytime hours.

5

17.     A search warrant may not be legally necessary to compel the investigative technique described herein.  Nevertheless, I hereby submit this warrant application out of an abundance of caution.

Respectfully Submitted,

_Det / TFO Lynda Stott_
Lynda Stott, Task Force Officer
Milwaukee Police Department

6

## ATTACHMENT A

This warrant authorizes the use of the electronic investigative technique described in Attachment B to identify the location of the cellular device assigned phone number 414-395-0497, whose wireless provider is PCS Sprint, and whose listed subscriber is unknown.

# ATTACHMENT B

Pursuant to an investigation of the location of Jacquelin Epperson, this Warrant authorizes the officers to whom it is directed to determine the location of the cellular device identified in Attachment A by collecting and examining:

1. radio signals emitted by the target cellular device for the purpose of communicating with cellular infrastructure, including towers that route and connect individual communications; and

2. radio signals emitted by the target cellular device in response to radio signals sent to the cellular device by the officers;

for a period of thirty days, during all times of day and night. This warrant does not authorize the interception of any telephone calls, text messages, other electronic communications, and this warrant prohibits the seizure of any tangible property. The Court finds reasonable necessity for the use of the technique authorized above. *See* 18 U.S.C. § 3103a(b)(2).